IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV 73 -1-MU
3:04CV113-1-MU
3:98CR268-V

TERRY ANTONIO LEE, )
)
Petitioner, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, )
)
Respondent. )
)

**THIS MATTER** comes before the Court upon Petitioner's Motion for Relief of Judgment Pursuant to the Federal Rules of Civil Procedure Rule 60(b)(4)(5)(6)(Doc. Nos. ## 5, 6), filed on December 15, 2004, and December 17, 2004,[1] and Petitioner's Motion to Invoke Appropriate Jurisdiction, filed January 28, 2005.

On January 5, 2004, Petitioner filed a motion pursuant to 28 U.S.C. § 1651. This Court converted Petitioner's filing to a 28 U.S.C. § 2255 motion and issued him a notice pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002) informing him that his motion was likely untimely and that he had an opportunity to respond. On July 23, 2004, after reviewing Petitioner's response, this Court dismissed Petitioner's filing as untimely. Petitioner did not directly appeal the denial of his motion.

Petitioner has now filed these three motions asking the Court to reconsider it's earlier ruling. In his three motions Petitioner continues to present the arguments he set forth in his original motion and his Hill response. Motions to reconsider or a motion for appropriate jurisdiction are not the

---

[1] These documents appear to be exactly the same.

appropriate vehicles for continuing to attack a sentence or conviction. See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). In United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003), the United States Court of Appeals for the Fourth Circuit held that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206. The Fourth Circuit went on to state that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application. Id. at 207. In contrast, a motion to reconsider which seeks to remedy some defect in the collateral review process is generally a proper motion to reconsider. Here Petitioner is arguing that this Court incorrectly applied the law and that the Court should have found that his sentence was incorrect. Such an argument is not based upon a defect in the collateral review process and thus Petitioner's motion is most properly construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[2]

However, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because this is Petitioner's second motion to vacate, set aside, or correct sentence, he must first certify his claim with the United States Court of Appeals for the Fourth Circuit.

---

[2] This Court finds that the Court of Appeals for the Fourth Circuit's recent decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the Emmanuel case, this would not be Petitioner's first § 2255 motion. Id. at 650 (no notice required where recharacterization has no adverse impact on movant).

**THEREFORE, IT IS HEREBY ORDERED that:**

1. The Clerk is directed to treat this motion as motion to vacate, set aside, or correct sentence and file a copy of this Order within the new civil case number assigned; and

2. Petitioner's Motions for Relief from Final Judgment and Motion to Invoke Appropriate Jurisdiction, which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence, are **DISMISSED** without prejudice as successive.

This the 17th day of Feb, 2005.

Graham C. Mullen, Chief Judge
United States District Court

clc

United States District Court
for the
Western District of North Carolina
March 7, 2005

**\* \* MAILING CERTIFICATE OF CLERK \* \***

Re: 3:05-cv-00073

True and correct copies of the attached were mailed by the clerk to the following:

    Terry Antonio Lee
    USP Lee
    Legal Mail
    13745-058
    P. O. Box 305
    Jonesville, VA  24263-0305

cc:
Judge                      ( )
Magistrate Judge           ( )
U.S. Marshal               ( )
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Court Reporter             ( )
Courtroom Deputy           ( )
Orig-Security              ( )
Bankruptcy Clerk's Ofc.    ( )
Other_____      ( )

Date: 3/7/05

Frank G. Johns, Clerk
By: _____
    Deputy Clerk